**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

SARA CALHOUN, )
)
Plaintiff, )
v. )
) No. 4:22-cv-00119-RK
KANSAS CITY CREDIT UNION, )
)
Defendants. )

**ORDER**

Before the Court is Plaintiff Sarah Calhoun's Motion to Remand. (Doc. 4.) The parties have fully briefed the Motion. (Docs. 5, 9.) For the reasons set forth below, Plaintiff's Motion to Remand (Doc. 4) is **GRANTED**, Plaintiff's request for attorney fees is **DENIED**, and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri.[1]

**Background**

Plaintiff, a former employee of Defendant Kansas City Credit Union, alleges Defendant wrongfully terminated her employment after she reported and/or opposed conduct of her supervisor. Plaintiff also alleges the conduct she reported and/or opposed violated five state laws and ten federal laws. Plaintiff brought this action in the Circuit Court of Jackson County, Missouri, alleging three whistleblower claims and one negligent supervision claim. Defendant timely removed the case based on federal question jurisdiction, and Plaintiff moves to remand. Further facts are set forth as necessary.

**Legal Standard**

Defendant, as the party opposing remand, bears the burden of establishing federal jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). In general, federal courts only have jurisdiction over (1) cases involving a federal question, and (2) cases where there is complete diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because federal courts are courts of limited jurisdiction, removal statutes are "strictly construed against the intrusion on the right of state courts to decide their own controversies, and all doubts about the propriety of removal are resolved in favor of remand." *Allmond v. Dorel Juvenile Grp., Inc.*, No. 3:19-05058-

[1] Also pending is Defendant's Motion to Dismiss. (Doc. 7.) Because the Court finds it lacks subject matter jurisdiction and remands this case to state court, Defendant's Motion to Dismiss is found as moot.

CV-RK, 2019 WL 4696419, at *3-4 (W.D. Mo. Sep. 26, 2019). Furthermore, given the strict construction of removal statutes, the party seeking removal bears the burden of proving federal jurisdiction by a preponderance of evidence. *See In re Preempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Mikelson v. Allstate Fire & Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *3 (W.D. Mo. Feb. 16, 2017) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)).

## Discussion

Plaintiff argues Defendant improperly removed the case because Plaintiff's claims do not raise a federal question. Furthermore, Plaintiff asserts this Court should award Plaintiff attorney fees because Defendant lacked an objectively reasonable basis for removal. Defendant argues this Court has federal question jurisdiction because it must interpret federal law to resolve Plaintiff's claims. Specifically, Defendant argues this Court has jurisdiction over Plaintiff's claims under the factors of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005).

### I. Federal Question Jurisdiction

"Federal district courts have original jurisdiction over civil actions arising under federal law." 28 U.S.C. § 1331. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001).

#### A. Plaintiff's Claims

Plaintiff alleges (1) wrongful discharge in violation of Missouri common law protecting whistleblowers (Count I, Doc. 5-1 at ¶¶ 137-151), (2) wrongful discharge in violation of Missouri public policy (Count II, Doc. 5-1 at ¶¶ 152-163), (3) violation of the Whistleblower's Protection Act ("WPA"), § 285.575, RSMo (Count III, Doc. 5-1 at ¶¶ 164-172), and (4) negligent supervision (Count IV, Doc. 5-1 at ¶¶ 173-179). Because Plaintiff has consented to the dismissal of her Count IV (Doc. 25 at 8), this claim will not be addressed.

Plaintiff argues her whistleblower claims can be supported on at least one state law ground, and accordingly, remand is proper. In contrast, Defendant first argues that to support Plaintiff's whistleblower claim, Plaintiff must "show, inter alia, Defendant was engaged in unlawful activity during her employment and that she reported and/or opposed such conduct to the proper

authorities." Second, Defendant argues that because it denies it engaged in any illegal activity, "the factfinder will be required to determine whether Defendant's conduct as alleged by Plaintiff actually violated applicable law." (Doc. 9 at 2.) Finally, Defendant contends that, accordingly, "resolution of Plaintiff's WPA claim necessarily requires the interpretation of federal law," and therefore this case arises under federal law. The Court finds remand is proper as the Court does not have subject matter jurisdiction based on a federal question.

"[W]here a claim finds its origins in state rather than federal law[,]" as Plaintiff's whistleblower claims indisputably do, the U.S. Supreme Court "ha[s] identified a special and small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal quotation marks omitted). This special and small category has been explained as follows:

> federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, . . . jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable*, 545 U.S. at 313-14). "This rule applies only to . . . cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699-700 (2006)).

The Missouri WPA provides that it is unlawful for an employer to discharge "an individual defined as a protected person in this section because of that person's status as a protected person." § 285.575.4, RSMo. The WPA defines a "protected person" as

> an employee of an employer who has reported to the proper authorities an unlawful act of his or her employer; an employee of an employer who reports to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute; or an employee of an employer who has refused to carry out a directive issued by his or her employer that if completed would be a violation of the law.

§ 285.575.2(4), RSMo.

"[M]erely citing a federal statue or regulation in support of a good faith belief that Defendant's activity was unlawful does not present a federal question." *Thompson v. Reliant Care Mgmt. Co., LLC*, 356 F. Supp. 3d 821, 830 (E.D. Mo. 2018). In addition, "'the presence of a claimed violation of [federal law] as an element of a state cause of action' is insufficient on its own to confer federal jurisdiction." *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986)). If a party can support its claim with even one theory that does not require an interpretation of federal law, that party's claim does not arise under federal law. *Anderson v. Int'l Ass'n of Operative Millers*, No. 08-00889-CV-W-DGK, 2009 WL 10671531, *2 (W.D. Mo. Apr. 21, 2009) (citing *Cent. Iowa Power Co-op. v. Midw. Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009)).

Here, Plaintiff alleges Defendant violated whistleblower protection laws when it wrongfully terminated her employment after she reported and/or opposed conduct of her supervisor that allegedly violated five state laws and ten federal laws. As such, (1) her claim can be supported with at least one theory that she was terminated for reporting or opposing her supervisor's conduct that violated any one of five state laws, and, even if not, (2) the presence of the claims her supervisor violated federal law as an element of her state whistleblower causes of action is insufficient on its own to confer federal jurisdiction.

**B. *Grable* factors**

Additional support for the Court's finding that federal question jurisdiction does not lie in this case is found in *Roller v. Glazer's Distributors of Missouri*, in which the Eastern District of this Court analyzed an analogous case employing the *Grable* factors. No. 4:16CV0022 CDP, 2016 WL 2609804, at *3 (E.D. Mo. May 6, 2016). In *Roller*, the district court found the plaintiff's state law claim for wrongful discharge in violation of public policy under Missouri law did not give rise to federal question jurisdiction even though plaintiff had complained to her employer about possible violations of the Fair Labor Standards Act ("FLSA"). *Id.* at *3-4. The *Roller* court reasoned the plaintiff's FLSA claims involved the action of private defendants rather than that of a federal agency, and accordingly required a fact-specific inquiry into the defendants' conduct rather than the resolution of a federal question. *Id.* at *4. The court therefore concluded "defendants have not presented a federal question that is 'actually disputed' and 'substantial.'" *Id.* The court added "that the State of Missouri has a significant interest in addressing the primary

questions presented in this case, including whether Roller appropriately 'blew the whistle' by informing her superior of the alleged unlawful conduct, and whether an objectively reasonable good-faith belief that defendants engaged in unlawful conduct is sufficient to support her claims." *Id.*

Here, similarly, Plaintiff's state law whistleblower claims allege she complained to her employer about possible violations of federal law relating to marijuana-related business ("MRB") accounts. However, her MRB-related claims involve the action of a private defendant, not a federal agency, and require a fact-specific inquiry into the defendant's conduct, not the resolution of a federal question. Likewise, the State of Missouri has a significant interest in addressing the primary questions in this case, including whether Plaintiff appropriately reported her superior for his alleged wrongful conduct, and whether an objectively reasonable good-faith belief that her supervisor engaged in unlawful conduct exists in this case sufficient to support Plaintiff's claims. Importantly, "*Merrell Dow* forecloses the removal of state law claims that merely include a violation of federal law as an element of the offense, without other reliance on federal law[,]" which is precisely the situation Defendant argues is present here. *Wullschleger*, 953 F.3d at 521.

Accordingly, the Court finds resolution of Plaintiff's whistleblower protection claims do not necessarily require the interpretation of federal law, and therefore this case does not arise under federal law.

**II. Attorney Fees**

Plaintiff requests attorney fees pursuant to 28 U.S.C. § 1447(c). The Court denies this request because Plaintiff has not shown Defendant lacked an objectively reasonable basis for removal and this case does not present unusual circumstances that would justify an award of attorney fees.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Conversely, when an objectively reasonable basis exists, a court should deny fees. *Id.* To determine whether the removing party lacked an objectively reasonable basis, courts do not consider the motive of the defendant, but instead the objective merits of removal at

the time of removal. *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (citation omitted).

Here, Defendant claims that Plaintiff must prove federal law was violated as supporting removal. (Doc. 4 at 13.) The Court finds Defendant's arguments in this regard are sufficient to constitute an objectively reasonable basis for removal. Furthermore, this case does not present unusual circumstances such as an unreasonable delay or a failure to disclose jurisdictional facts that might justify an award of attorney fees. Therefore, because Plaintiff has not shown that Defendant lacked a reasonably objective basis for removal, this Court denies Plaintiff's request for attorney fees.

**Conclusion**

Accordingly, and after careful consideration, Plaintiff's Motion to Remand (Doc. 4) is **GRANTED,** Plaintiff's request for attorney fees is **DENIED**, and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 20, 2022